**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TREMAINE CARROLL,<br><br>             Plaintiff,<br><br>      v.<br><br>SEAN DIDDY COMBS,<br><br>             Defendants. | Case No. 1:25-cv-0080 JLT EPG<br><br>ORDER GRANTING IN PART CONSTRUED MOTION FOR RECONSIDERATION[1]; REINSTATING MAY 1, 2025 FINDINGS AND RECOMMENDATIONS; ADOPTING SAME; DENYING MOTION TO PROCEED IN FORMA PAUPERIS; REQUIRING PLAINTIFF TO PAY THE FILING FEE<br><br>***Thirty-Day Deadline***<br><br>(Doc. 20.) |

Tremaine Carroll initiated this action by filing a complaint asserting violations of her constitutional rights and requested to proceed *in forma pauperis.* (Docs. 1, 7.) On May 1, 2025, the assigned magistrate judge issued Findings and Recommendations to deny the request to proceed in forma pauperis because Plaintiff is a "three-striker" and did not satisfy the imminent danger exception set forth in 28 U.S.C. § 1915(g). (Doc. 17.) However, though the Court served the Findings and Recommendations on Plaintiff at her address of record, they were returned as

---

[1] Though Plaintiff has filed a notice of appeal (Doc. 21) of the judgment (Doc. 15), the Court retains jurisdiction over her "Objection", which the Court construes as a motion for reconsideration arising under Fed. R. Civ. P. 60, because it was filed before the notice of appeal. *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1109 (9th Cir. 2001); Fed. R. App. P. 4(a)(4)(B)(i); *see also Van Huisen v. Clinton Admin.*, No. 2:23-CV-01596-DJC-KJN, 2023 WL 6520212, at *1 (E.D. Cal. Oct. 5, 2023).

1

undeliverable on May 27, 2025. (*See* Docket.) Therefore, on July 1, 2025, the Court dismissed the action without prejudice for failure to prosecute and failure to keep the Court informed of her current mailing address as required by the Local Rules, and terminated as moot the Findings and Recommendations regarding Plaintiff's *in forma pauperis* status. (Doc. 18.) Judgment entered the same day. (Doc. 19.)

On July 14, 2025, Plaintiff filed a document entitled "Objection, Leave to Amend, Appointment of Counsel, Evidentiary Hearing, TRO, Preliminary Injunctive Relief." (Doc. 20.) Therein, she asserts, among other things, that she was "out-to-court" in L.A. County from April 3, 2025 to May 15, 2025, and was hospitalized twice, though she does not detail the dates of those hospitalizations. (Doc. 20.) Plaintiff describes other issues, including the theft of her personal property, ongoing retaliation by CDCR, and that "since she's been back in men's prison she's been raped, stabbed, robbed, extorted, [and] drugged by staff and inmates." (*Id.*)

To the extent Plaintiff is seeking reconsideration of the Court's dismissal of this action, the Court will construe the filing as a motion for reconsideration under Federal Rule of Civil Procedure 60(b). That Rule permits a litigant to file a motion for relief from a final judgment or order for several reasons, including, but not limited to: mistake, inadvertence, surprise, excusable neglect, or any other reason that justifies relief. *See* Fed. R. Civ. Proc. 60(b)(1), (6). A court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994).

The Court will, in an abundance of caution, credit Plaintiff's assertions that she was out-to-court when the Findings and Recommendations were served upon her and that during some of that time she may have been hospitalized. For this reason, the Court will set aside the judgment dismissing this action for failure to prosecute and failure to abide by the Local Rules and will reopen this matter. However, consequently, the Court will also reinstate the Findings and Recommendations to deny Plaintiff's request to proceed *in forma pauperis*. (Doc. 17.)

The Court will further construe Plaintiff's July 14, 2025, filing as objections to those Findings and Recommendations because it appears Plaintiff is attempting to suggest therein that she <u>can</u> satisfy the imminent danger exception set forth in 28 U.S.C. 1915(g). (*See generally* Doc.

2

20.) As to this, the Court is not persuaded. As was the case with the assertions of imminent harm evaluated by the magistrate judge in the Findings and Recommendations (*see* Doc. 17 at 9), the renewed assertions of harm are non-specific and are not tied to any claim in the case and therefore do not satisfy the imminent danger exception.

Thus, according to 28 U.S.C. § 636(b)(1), the Court has reviewed de novo the reinstated findings and recommendations. Having carefully reviewed the matter, including Plaintiff's construed objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Therefore, the Court **ORDERS**:

1. The Judgment in this matter is **SET ASIDE** and this case is **REOPENED**.
2. The Findings and Recommendations issued May 1, 2025 (Doc. 17) are **REINSTATED** and **ADOPTED IN FULL**.
3. Plaintiff's "Petition for 90-day extension for IFP and/or filing fee, preliminary injunctive relief, temporary restraining order, federal witness protection, appointment of counsel" (Doc. 4) is **DENIED IN PART** to the extent it seeks leave to proceed in forma pauperis.
4. Plaintiff's "Request to Proceed without Prepayment of Filing Fees" (Doc. 7) is **DENIED**.
5. Pursuant to 28 U.S.C. § 1915(g), Plaintiff is **directed to pay the $405.00 filing fee in full within 30 days if she wants to proceed with this action**.
6. Plaintiff is advised that **failure to pay the filing fee in full by the deadline will result in the summary dismissal of this case without further notice**.

IT IS SO ORDERED.

Dated:  **November 19, 2025**

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE

3